# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAHOSAME COTTO,

Appellant,

v.

DEPARTMENT OF THE NAVY,

Agency.

DOCKET NUMBER
DC-0752-16-0100-I-1

DATE: August 10, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jahosame Cotto, Stafford, Virginia, pro se.

Denise Gillis, Esquire, Quantico, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The agency appointed the appellant to the excepted-service position of Information Technology (IT) Specialist effective January 12, 2015. Initial Appeal File (IAF), Tab 1 at 11. The agency terminated him effective September 30, 2015, for failure to meet a condition of his employment. *Id.* at 28-29. The appellant filed an appeal challenging his termination. *Id.* at 1-2. He claimed that the agency wrongfully terminated him for failure to meet an employment condition included in the position description but not included in the formal job offer or the Standard Form 50. *Id.* at 7-9. Because it was not clear whether the appellant was an employee with the right to appeal his separation under chapter 75 of title 5, the administrative judge ordered the appellant to file evidence and argument showing that the appeal was within the Board's jurisdiction. IAF, Tab 1 at 1, Tab 3. The appellant responded to the order. IAF, Tab 4. After considering the appellant's response, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 6, Initial Decision (ID). Because the appellant failed to make nonfrivolous allegations of fact that would establish the Board's jurisdiction, the administrative judge did not hold his requested hearing. IAF, Tab 1 at 1; ID at 1, 5.

¶3    The appellant filed a petition for review.  Petition for Review (PFR) File, Tab 1.  He disputes the administrative judge's reasoning and reiterates the merits of his claim.  *Id.*  The agency has responded to the petition for review.  PFR File, Tab 3.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶4    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).[2]  The Board does not have jurisdiction over all matters alleged to be unfair or incorrect.  *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995).  The appellant has the burden of proving by preponderant evidence that the Board has jurisdiction over his appeal.  5 C.F.R. § 1201.56(b)(2)(i)(A).

¶5    The determination as to whether an individual in the excepted service qualifies as an employee with adverse action appeal rights to the Board depends on whether that individual is preference eligible under  5 U.S.C.  § 2108.  *See*  5 U.S.C.  § 2108(3) (defining "preference eligible").  To qualify as an excepted-service "employee" with appeal rights under chapter 75, a preference-eligible excepted-service appointee must show that he has completed 1 year of current continuous service in the same or similar positions.  5 U.S.C. § 7511(a)(1)(B).  A preference-eligible excepted-service appointee with less than 1 year of current continuous service has no statutory right of appeal to the Board.  *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 9 (2011).  Prior service can be tacked towards the completion of a probationary period in the excepted service if the prior service was:  (1) performed in the same agency; (2) performed in the same line of work; and (3) completed with no more than one

---

[2] The appellant alleged that the administrative judge erred in citing *Maddox* and another case that differed factually from his situation.  PFR File, Tab 1 at 1.  We decline to find that the administrative judge erred in citing these cases as standing for the proposition that the Board's jurisdiction is limited.  ID at 2.

break in service of less than 30 days. *Martinez v. Department of Health and Human Services*, 118 M.S.P.R. 154, ¶ 6 (2012).

¶6 The appellant is a preference-eligible veteran. IAF, Tab 1 at 11, Tab 4 at 3. Therefore, the Board would have jurisdiction over his appeal if he had completed 1 year of current continuous service in the same or a similar position. 5 U.S.C. § 7511(a)(1)(B). However, the appellant was only employed as an IT Specialist at the agency for 9 months. IAF, Tab 1 at 1. The administrative judge gave the appellant notice that he could file evidence of other employment that might be tacked on to his service, but he did not submit any such evidence. IAF, Tab 3 at 2-3. Accordingly, the appellant does not meet the jurisdictional requirements under 5 U.S.C. § 7511(a)(1)(B). *See Allen v. Department of the Navy*, 102 M.S.P.R. 302, ¶ 9 (2006) (finding 7 months of service insufficient to meet the definition of "employee" under 5 U.S.C. § 7511(a)(1)(B)).

¶7 Furthermore, we agree with the administrative judge that the appellant is not entitled to a hearing because he did not make a nonfrivolous allegation that would give the Board jurisdiction over his appeal. *See Bell v. Department of Homeland Security*, 95 M.S.P.R. 580, ¶ 14 (2004) (finding that an appellant failed to make a nonfrivolous allegation that he was an "employee" under section 7511(a)(1)(B) and thus was not entitled to a jurisdictional hearing). The appellant was informed of the necessary requirements to show jurisdiction. IAF, Tab 3. Nevertheless, he failed to make any allegation that would give the Board jurisdiction over the appeal.

¶8 Accordingly, we affirm the initial decision, which dismissed the appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law and other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:          _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.